IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAMES SURRATT; *et al.*                                                                PLAINTIFFS

v.                                                CIVIL ACTION NO. 1:19-cv-00005-GHD-DAS

TRACTOR SUPPLY COMPANY; *et al.*                              DEFENDANTS

**<u>OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Presently before the Court is the Defendant Tractor Supply Company's motion for summary judgment [Doc. No. 50]. Upon due consideration, the Court finds that the motion should be granted and the Plaintiff's claims dismissed.

## *I.    Factual and Procedural Background*

The Plaintiff is a self-employed truck driver who picks up pre-loaded trailers from various locations throughout the United States and delivers the trailers to various customers [Complaint, Doc. No. 1, at p. 2]. On February 26, 2018, he picked up a trailer from the Defendant Tractor Supply Company's distribution center in Franklin, Kentucky, and drove it to the Defendant's retail store location in Tupelo, a location to which the Plaintiff had delivered several loads in the past [*Id.*]. As the trailer was being unloaded by the Defendant's employees, the Plaintiff was standing nearby on the loading dock [*Id.*]. After hearing the Defendant's forklift operator announce that the pallet he was retrieving from the trailer was a "leaner" and that everyone should "back up," the Plaintiff stepped backwards through a designed gap in the guardrail off the Defendant's approximately one-foot high loading dock onto the ground without looking behind him [*Id.* at p. 3]. The Plaintiff then alleges that he fell to the ground after slipping on a small pile of dog food, causing him to injure his left leg [*Id.*].

1

The Plaintiff filed his Complaint on July 8, 2019, asserting that the Defendant was negligent and that its negligence proximately caused Plaintiff's injury by, *inter alia*, failing to use reasonable care in unloading the merchandise from the truck, causing the loading dock to become dangerous because a gap existed in the guardrail, and causing the area around the loading dock to become dangerous by allowing dog food to be present on the ground. *See* Compl. [Doc. 1, at pp. 3-5]. The parties conducted discovery, and the Defendant has now filed the pending motion for summary judgment.

## *II.     Summary Judgment Standard*

Although " '[a] motion for summary judgment cannot be granted simply because there is no opposition,' . . . a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Calais v. Theriot*, 589 F. App'x 310, 311 (5th Cir. 2015). This Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323. Under Rule 56(a), the burden then

shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### *III.   Analysis and Discussion*

The Defendant argues that summary judgment in its favor is warranted because there is no evidence that the Plaintiff's injury was proximately caused by any alleged act of negligence on the part of the Defendant.[1] As described below, the Court agrees.

Under Mississippi law, to establish negligence, a plaintiff must show that:

(1) the Defendant owed a duty to the Plaintiff;

(2) the Defendant breached that duty;

(3) the Plaintiff incurred damages; and

(4) the Defendant's breach of duty proximately caused the Plaintiff's damages.

*Huynh v. Phillips*, 95 So. 3d 1259, 1262 (Miss. 2012); *Crain v. Cleveland Lodge*, 641 So. 2d 1186, 1189 (Miss. 1994); see also *Funches v. Progressive Tractor and Implement Co., L.L.C.*, 905 F.3d

---

[1] The Court notes at the outset that in this diversity action, the *Erie* doctrine applies and thus the determination whether the Defendant's motion is meritorious is guided by Mississippi state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938); *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998).

3

846, 851 (5th Cir. 2018). In addition, it is axiomatic that a plaintiff must show that the conduct of the defendant was the cause in fact and the legal cause of the plaintiff's damages. *Huynh*, 95 So. 3d at 1263.

In the case *sub judice*, it is undisputed that the Plaintiff's injuries resulted when he stepped backwards off the Defendant's one-foot high loading dock, without looking where he was going, onto nearby grass and slipped on a small pile of dog food in the grass. In this respect, *Thompson v. Chick-Fil-A, Inc.*, 923 So. 2d 1049, 1052 (Miss. Ct. App. 2006), is instructive. In *Thompson*, the Plaintiff tripped over an unmarked curb in Chick-Fil-A's parking lot, was injured, and filed a negligence suit against Chick-Fil-A. In affirming the trial court's granting of Chick-Fil-A's motion for summary judgment, the appeals court held that the plaintiff was injured while not watching where she was going and that the mere existence of an unmarked curb did not create a dangerous condition; accordingly, the court held that there was "simply no evidence to suggest that Chick-Fil-A's negligence injured [the plaintiff]." *Thompson*, 923 So. 2d at p. 1052.

Likewise, in the case *sub judice*, the Plaintiff was standing on the Defendant's one-foot high loading dock, a dock he had previously visited and near a plainly visible access gap in the guardrail, when one of the Defendant's employees stated that the load coming out of the trailer was leaning and everyone should back up. The Plaintiff then stepped backwards off the dock, without looking where he was going, onto the grass where he slipped and fell, purportedly on a small pile of dog food. There is no evidence, however, that the Defendant's actions or omissions nor any characteristics of the dock or the surrounding area proximately caused the Plaintiff's injuries – the guardrail is designed with the gap to provide ease-of-access to the dock; the Plaintiff himself decided to step backwards through the gap onto the ground, which as noted above was a mere one-foot away, without looking where he was going; and there was an employee of the

4

Defendant between the Plaintiff and the forklift at all times. Given these undisputed facts, the Court finds that there is simply no evidence of negligence on the part of the Defendant that proximately caused the Plaintiff's injuries – there is no evidence that the Defendant was negligent or that the loading dock or surrounding area were unreasonably dangerous. The Court finds that summary judgment is therefore appropriate. See, e.g., *Cox v. Jesco, Inc.*, No. 1:18CV75-GHD-DAS, 2019 WL 5399506 (N.D. Miss. Oct. 22, 2019) (this Court granting summary judgment in negligence case where Plaintiff was injured by machinery while walking in factory without looking where he was going); *Love v. Aaron's, Inc.*, No. 1:18CV181-GHD-DAS, 2019 WL 4197591 (N.D. Miss. Sept. 4, 2019) (this Court granting summary judgment in negligence case where plaintiff tripped over box that movers had placed on floor while unloading furniture); *Stockstill v. Wal-Mart Stores, Inc.*, No. 1:05CV181, 2006 WL 1722284 (S.D. Miss. June 21, 2006) (granting summary judgment in negligence case where plaintiff tripped over unmarked curb on Defendant's premises); *McGowan v. St. Regis Paper Co.*, 419 F. Supp. 742 (S.D. Miss. 1976) (Court granted judgment as a matter of law in defendant's favor when plaintiff truck driver was injured on loading dock while walking backwards after slipping on oily substance).

Accordingly, the Court finds that the Defendant did nothing to create a dangerous condition at its facility, nor did the Defendant's actions or omissions in any way proximately cause the Plaintiff's injury. The Plaintiff admits he backed off the loading dock without looking where he was going, and he has proffered no evidence indicating that any negligence on the Defendant's part proximately caused him to be injured. The Plaintiff, therefore, cannot establish any claim for negligence on the part of the Defendant, no genuine issue of material fact remains, and the Defendant is entitled to judgment as a matter of law.

5

### *IV. Conclusion*

In sum, for all of the foregoing reasons, the Court finds that no genuine dispute of material fact remains, and summary judgment in favor of the Defendant is appropriate. The Defendant's Motion for Summary Judgment [Doc. No. 50] shall, therefore, be granted, and the Plaintiff's claims dismissed.

An order in accordance with this opinion shall issue this day.

THIS, the 30th day of April, 2020.

*[signature]*
SENIOR U.S. DISTRICT JUDGE