IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAMES SURRATT; *et al.*                                                                                                PLAINTIFFS

v.                                                      CIVIL ACTION NO. 1:19-cv-00005-GHD-DAS

TRACTOR SUPPLY COMPANY; *et al.*                                     DEFENDANTS

<u>OPINION GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION FOR RECONSIDERATION</u>

Presently before the Court is the Plaintiffs' motion for reconsideration [90] of the Court's May 1, 2020, Opinion [88] and Order [89] granting the Defendants' motion for summary judgment [50]. The parties have fully briefed the motion and the Court conducted a hearing regarding the motion on August 13, 2020 [104]. Upon due consideration, the Court finds that the motion for reconsideration should be granted in part and denied in part.

### *I.     Standard for Reconsideration*

"While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Because the Plaintiffs filed this motion within 28 days of the Court's opinion and order, and because they delineate it as such, the Court will treat the motion as a Rule 59(e) motion to alter or amend judgment. A Rule 59 motion is the proper vehicle by which a party can "correct manifest errors of law or fact" or "present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). A party should not attempt to use the Rule 59 motion for the purpose of "rehashing evidence, legal theories, or arguments that could have been offered or

raised before the entry of judgment." *Id.* The Fifth Circuit has held that:

> a 59(e) motion to reconsider should not be granted unless: (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching.

*Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003) (internal citation omitted).

The Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769,

167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

## *II.   Analysis and Discussion*

The Court conducted a hearing of the Plaintiffs' motion on August 13, 2020 [104]. At the hearing, the Plaintiff stated that the following jury questions (genuine issues of material fact) exist in this matter: (1) that the Defendant had a "habit of loading the trucks" or pallets improperly and that the Plaintiff's truck was improperly loaded; (2) that the Plaintiff was made to stand in a "danger zone" on the loading dock near the access gap in the railing; (3) that the Plaintiff believed he was backing up into the railing when he stepped back: and (4) that the Plaintiff did not voluntarily step back through the access gap in the railing. While not included in his summation of purported jury questions, the Plaintiff has also stated that dog food was on the wet grass and mud where he stepped on the ground at the base of the dock. The Court considers these arguments in turn.

As for the pallets or the loading or unloading of the Plaintiff's truck, it is undisputed that the Defendant's forklift was still in the Plaintiff's truck when the Plaintiff stepped off the dock, and that the load was not leaning or dangerous. [Plaintiff's dep., Doc. 52-1, at pp. 29, 31, 62, 98; Tarvis Johnson dep., Doc. 66-1, at p. 43; Mike Bumgardner dep., Doc. No. 66-2, at p. 41]. The Plaintiff avers that the Defendant's forklift driver, Tarvis Johnson, nevertheless announced that the load was leaning. [51-2, at p. 29]. While Johnson denies that he said anything regarding the load or told anyone to move, whether he did or not is in any event not relevant to the Court's analysis. [66-1, at pp. 43-44]. The Plaintiff does not assert that Johnson's purported statement

3

itself was negligent, nor is there a genuine issue of material fact regarding the subject load on the forklift or indeed any pallets that were unloaded that day from the Plaintiff's truck – the undisputed evidence is that the subject load was not leaning and thus the Defendant was not negligent with respect to the load. [52-1, at pp. 31, 62, 98; 66-1, at pp. 43-44; 66-2, at p. 41]. Instead, the Plaintiff's argument with respect to the forklift appears to actually be that he stepped through the guardrail onto the ground involuntarily, after purportedly hearing the forklift driver announce that the load was leaning. Even taking that argument as true, the Plaintiff has not shown the existence of a genuine issue of material fact related to negligence with respect to the forklift, the load, or the forklift driver's purported statement. Accordingly, this argument is without merit.

With regard to the loading dock and the guardrail, the Plaintiff asserts that the access gap in the guardrail through which he stepped constituted an unreasonably dangerous condition. The undisputed facts demonstrate otherwise. First, the Plaintiff had indisputably been to the subject loading dock four or five times prior to the date in question, February 26, 2018, and he does not aver that the condition of the dock changed during that time or that he did not observe the dock during his previous visits or on February 26, 2018. [52-1, at pp. 35, 41, 112]. Mississippi law is clear that "a property owner is not the insurer of an invitee's safety. Rather, he owes a duty to the invitee to keep the premises *reasonably* safe and, when not reasonably safe, to warn only of *hidden* dangers not in plain and open view." *Benson v. Rather*, 211 So. 3d 748, 752 (Miss. Ct. App. 2016) (citing *Double Quick, Inc. v. Moore*, 72 So. 3d 1162, 1166 (Miss. 2011)) (emphasis added); *Nolan v. Grand Casinos of Biloxi LLC*, No. 2019-CA-00307-COA, 2020 WL 3056040, at *2 (Miss. Ct. App. June 9, 2020); *Thompson v. Chick-Fil-A, Inc.*, 923 So. 2d 1049, 1052 (Miss. Ct. App. 2006) (holding that, under Mississippi law, there is no duty to warn of dangers that are obvious or should be obvious to a business invitee in the exercise of ordinary care). The gap in the railing was clearly

visible, as is demonstrated in the photographic evidence in the record. [66-2, Exh. 3; 90-3, Exh. C]. Further, while the Plaintiff argues that the access gap in the railing he stepped through was unreasonably dangerous, he does not show the existence of a genuine issue of material fact to that end. The undisputed evidence demonstrates that the section of the dock at issue is one foot (twelve inches) off the ground, and the Plaintiff has not shown the existence of a genuine issue of material fact, nor cited any caselaw or other authority, that a guard rail at that height off the ground becomes unreasonably dangerous when it contains an access gap (the fact that the gap in the rail was an access gap is also undisputed). [Corey Montgomery deposition, Doc. 66-3, Exh. 7].[1] In any event, that the rail contained a gap at that spot on the dock was obvious and in plain and open view to any person who was present on the dock, and thus was not a hidden unreasonably dangerous condition, and the Plaintiff had indisputably previously visited the dock on four or five occasions. [52-1, at pp. 35, 41, 112]. Accordingly, the Court finds that there is no genuine issue of material fact regarding whether the gap in the guardrail constituted a dangerous condition.

Finally, based on the present record, it is undisputed that the subject grassy area where the Plaintiff fell was not traversed by either store customers or the Defendant's employees – the area was indisputably for use only by fire department personnel and air conditioning maintenance personnel, and it is undisputed that the fire department had never walked in that area and that maintenance personnel only walked there once every three months [66-1, at pp. 16-17; 66-3, at pp. 27, 29-34]. It is further undisputed that it had been raining with regularity over the two week period prior to February 26, 2018, that rain had fallen the previous night, and that the grass was

---

[1] The Occupational Safety and Health Administration's (OSHA) regulations do not require the use of a guardrail or other fall arrest system in the workplace unless a walking or working surface is six feet or more above the lower level or ground. 29 C.F.R. § 1926.501(b)(1). The International Building Code, in contrast, requires guardrails to be located along open sided walking surfaces that are more than 30 inches above the lower level or ground. IBLDG15CD § 1015.2. Under either standard, the twelve inch step at issue is far shorter than the distance required for a guardrail to be required.

5

thus wet and mixed with mud (the Plaintiff does not aver that the wet grass and mud itself constituted unreasonably dangerous conditions). [52-1, at p. 47; 66-1, at p. 47; 66-2, at p. 43; 66-3, at pp. 61-62]. The Court finds, however, that while the Plaintiff has cited no authority that a small or even moderate amount of loose dog food, mingled with wet and muddy grass in an area that is walked upon once every three months, constitutes a dangerous condition, which is required before liability can be imposed on the Defendant, the Court finds that a genuine issue of material fact exists as to whether such conditions constitute a dangerous condition in this case. The Defendant admittedly caused the dog food to be present on the grass [66-3, at pp. 62-3, 65], and thus had at least constructive knowledge of its presence on the grass. The Court thus finds that a jury question exists as to whether the dog food's presence on the grass under the circumstances constituted a sufficiently dangerous condition to potentially hold the Defendant liable for negligence. Accordingly, the Court finds that the Plaintiffs' motion for reconsideration should be granted as to this issue.

In sum, the Court finds that no genuine issue of material fact exists with respect to the loading or unloading of the Plaintiff's truck or that the forklift driver was negligent; likewise, no genuine issue of material fact exists supporting the Plaintiff's assertion that the access gap in the railing where the Plaintiff stepped through was unreasonably dangerous (or that the Plaintiff standing in that area of the loading dock was unreasonably dangerous), particularly given the undisputed fact that the Plaintiff had visited the premises on four or five previous occasions. The Court does find, however, that a genuine issue of material fact exists regarding the Defendant's potential liability with respect to whether the subject premises were not reasonably safe on February 26, 2018, due to the presence of the dog food on the grass where the Plaintiff stepped, and, if the premises were not reasonably safe due to the presence of the dog food, whether the

6

Defendant's negligence proximately caused the Plaintiff's injury. *Nolan*, 2020 WL 3056040, at p. *3. Accordingly, the Court finds that a genuine issue of material fact exists for trial and that this matter should therefore be returned to the Court's active trial docket. Fed. R. Civ. P. 56.

### *III. Conclusion*

In sum, for all of the foregoing reasons, the Court finds that while there is no genuine dispute as to any material fact regarding the loading or unloading of the Plaintiff's truck or the condition of the loading dock or guardrail, and the Defendant is entitled to judgment as a matter of law regarding those issues, a genuine issue of material fact does exist with respect to the presence of the dog food on the grass and whether its presence constitutes a dangerous condition sufficient to potentially find the Defendant liable for negligence, and summary judgment in favor of the Defendant is thus not appropriate with respect to that issue.

THEREFORE, the Court hereby ORDERS that Plaintiffs' motion for reconsideration [90] of the Court's May 1, 2020, opinion and order [88, 89] granting the Defendant's motion for summary judgment [50] is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to the Plaintiffs' claim for negligence with respect to the presence of dog food on the grass where the Plaintiff stepped and fell; the motion is DENIED in all other respects.

An order in accordance with this opinion shall issue this day.

THIS, the 13th day of October, 2020.

_____
SENIOR U.S. DISTRICT JUDGE